IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COLIN DEREK SAVAGE, #475786, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:21-cv-00521 |
| | ) Judge Trauger |
| WARDEN RAYMOND BYRD, | ) |
| Respondent. | ) |

## ORDER

Colin Derek Savage, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a supporting memorandum in July 2021. (Doc. Nos. 1, 2.)

On January 24, 2023, petitioner filed a "Request to amend writ of Habeas Corpus" (Doc. No. 15), construed here as a motion to amend the Petition. In this motion, the petitioner seeks "to amend the attached brief." (*Id.* at 1.) Though he attaches to the motion a repackaged version of his original memorandum in support of the Petition, the new memorandum is substantively identical to the original. (*Compare* Doc. No. 15-1 *with* Doc. No. 1 at 8–17 *and* Doc. No. 2.) In addition to this repackaging of his memorandum, however, the petitioner's motion to amend raises additional grounds "[t]o aid in the charge of Ineffective Counsel" which are not raised in either version of his supporting memorandum or in his original Petition. (*See* Doc. No. 15 at 2–3.)

A petition for writ of habeas corpus may be amended or supplemented pursuant to Federal Rule of Civil Procedure 15. *See* 28 U.S.C. § 2242 (petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). At this stage in the case, amendment of the Petition would require leave of court or the respondent's written consent. Fed. R. Civ. P.

15(a). However, before such leave or consent may be given, the petitioner must remedy his failure to sign his motion.

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). While the petitioner's name is typed on his motion in two places (*see* Doc. No. 15 at 1, 3), Rule 11 requires "a name handwritten (or a mark handplaced)"; a typed name is insufficient. *Becker v. Montgomery*, 532 U.S. 757, 763–64 (2001). The Rule requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a).

Accordingly, the Clerk of Court is **DIRECTED** to maintain a copy of the petitioner's motion (Doc. No. 15), and to return the original to the petitioner. The petitioner must sign the motion and return it to the court within **30 DAYS**. If the petitioner complies with this requirement, the respondent shall have 30 days to file any response to the motion he may wish to make. If the petitioner fails to comply with this order, Docket No. 15 will be stricken from the record.

Finally, although the petitioner did not file a notice of change of address, it appears from his motion that he has been transferred to the Northwest Correctional Complex in Tiptonville, Tennessee. (*See* Doc. No. 15 at 1, 4.) Accordingly, the Clerk is **DIRECTED** to record this change of address on the docket of this case. The petitioner is admonished that it is his obligation to notify the court and the respondent of any change in his current contact information, and that any future failure to provide notice "of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. L.R. 41.01(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge